NO. 07-12-0189-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 19, 2012
_____

PETRONILO ALCALA MARTINEZ,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B18043-0905; HON. ED SELF, PRESIDING
_____

***MEMORANDUM OPINION***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Petronilo Alcala Martinez (appellant) appeals his conviction for aggravated assault. Appellant plead guilty and in exchange for his guilty plea was placed on eight years deferred adjudication community supervision. Subsequently, the State filed a motion to adjudicate guilt to which appellant plead not true. A hearing was held and the trial court adjudicated appellant guilty and sentenced him to twenty years in prison.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se.* By letter dated September 6, 2012, this court notified appellant of his right to file his own brief or response by October 8, 2012, if he wished to do so. To date, no response has been filed.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed the sufficiency of the evidence and whether the trial court abused its discretion in adjudicating appellant guilty and sentencing him to twenty years in prison. However, counsel then proceeded to explain why the issues were without merit.

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any arguable error pursuant to *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). After doing so, we concur with counsel's conclusions.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.

Brian Quinn
Chief Justice

Do not publish.

---

[1]*See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967).